UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE WOOTEN, | : | Case No. 3:11-cv-13 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| COMMISSIONER, Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 17)**

This case is a Social Security disability benefits appeal under which the Court determined that the ALJ's non-disability finding was not supported by substantial evidence and was reversed, awarding benefits in Plaintiff's favor. (Doc. 13). Seeking to be compensated for the legal expenses incurred in obtaining the benefits award, Plaintiff's counsel has filed a fee application (Doc. 17) pursuant to Section 406(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). This section provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

While the Commissioner does not consent to the fee, he does not object to the reasonableness of the fee requested. (Doc. 17 at 1).

Accordingly, in light of the services which Plaintiff's attorney has performed as

reflected in Fee Application Affidavit, the motion (Doc. 17) is **GRANTED** and Plaintiff is **AWARDED** the sum of $13,002.00.[1] This award satisfies Plaintiff's claim for fees under 42 U.S.C. Section 406(b)(1).

**IT IS SO ORDERED.**

Date: 3/24/2014

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[1] Any fees paid belong to Plaintiff and not his attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States, if any. *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). However, if counsel for the parties can verify that Plaintiff does not owe any pre-existing debt subject to offset, the Defendant shall direct the award to Plaintiff's attorney pursuant to the EAJA assignment which was signed by Plaintiff and counsel.

2